STONE, Chief Judge.
Appellants appeal an order dismissing their complaint which alleged that Appellees engaged in fraudulent transactions intended to prevent Appellants from reaching the assets of judgment debtors Marvin and Judith Broxmeyer and Raymond and Judith Alfonso. The sixteen count complaint claims that Appellees TransFlorida Bank (TFB), its officers and directors, and its controlled corporations, conspired to defraud Appellants by *109 attempting to hide the judgment debtors’ assets through several real estate transactions. Significant litigation has ensued between the parties, including two prior appeals to this court.
The dismissed complaint contained sixteen counts, all premised upon the allegation that Appellees conspired to defraud Appellants by selling property to a corporation owned or controlled by the judgment debtors and then taking back a purchase money mortgage equal to or exceeding the fair market value of property and also taking an assignment of leases, rents, and profits. The complaint alleges: (1) that there were numerous transfers, encumbrances of assets, and commingling of assets in anticipation of, and after, judgments in which the consideration was feigned or inadequate; (2) that the debtors continued in possession and use of the property; (3) that transfers or encumbrances were made in secret, based upon secret trusts in anticipation of and after judgment with the purpose of hindering Appellants’ ability to recover; (4) that the transfers purported to be made for consideration, but none was paid, and there is no evidence of adequate consideration; (5) that the transfers and encumbrances were intentionally made to conceal assets; (6) the parties had actual knowledge that the purchaser was a shell without assets; (7) that they entered into a “plan” that would hide assets from priority claims of creditors, and that Appel-lees knew that the judgment debtors were debtors of Plaintiffs; (8) that the transfers and encumbrances were made to induce the appearance of insolvency of the judgment-debtor in order to make them judgment proof; (9) that the price purportedly paid for all of the properties was far in excess of their real economic value as part of the conspiracy to encumber any equity that would be available for creditors and to otherwise confuse, mislead, hinder, and delay creditors of the judgment debtors; and (10) the improper transfers involved virtually all of the judgment debtor’s assets.
A voluntary conveyance by one who is indebted is presumptively fraudulent when attacked by a judgment creditor upon a debt existing at the time of the conveyance. See Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145 (Fla. 4th DCA 1994). Fraudulent transfers are prohibited by the Uniform Fraudulent Transfer Act (UFTA), codified in chapter 726. Section 726.106, entitled Transfers Fraudulent as to Present Creditors, provides:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
(2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider to an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
Section 726.105 provides in part that:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
2. Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
The statute sets forth certain “badges of fraud” which may give rise to a presumption of fraudulent intent. Among these factors are that the debtor was sued or there was a threat of suit before the transfer or obli *110 gation was made, the transfer was of virtually all of the debtor’s assets, the transfer or obligation was disclosed or concealed, and the transfer was made shortly before or shortly after a substantial debt was incurred. § 726.105(2)
Appellants’ complaint clearly alleges several of these badges of fraud, including that Appellees had actual knowledge of the judgment debtors’ obligations to Appellants, that the transfers were concealed in order to hide assets, and that the price purportedly paid by the judgment debtors to Appellees for the properties in question, “was far in excess of their real economic value; this was done as part of the conspiracy to encumber any equity that would be available for creditors to collect against, conceal priority liens ..., and otherwise confuse, mislead, hinder, and delay creditors.” Appellants’ complaint further alleged that Appellees had actual knowledge of Appellants’ judgments and their collection efforts, and that Appellees commenced foreclosures for the debtor’s benefit in an attempt to prevent Appellants from collecting on their judgments.
Appellees argue that no cause of action can be stated under UFTA because corporations were involved. However, Appellants alleged in their complaint that the entities with whom Appellees dealt were shell entities known to be acting as alter-egos or agents of the judgment debtors.
The complaint adequately states a cause of action under section 726.105(l)(a), which provides that a transfer is fraudulent where the creditor’s claim arose before or after the transfer was made or the obligation was incurred “with actual intent to hinder, delay, or defraud any creditor of the debtor.” The complaint also sufficiently states a cause of action under subsection (b) and 726.106(1), which provides that a transfer or obligation incurred by a debtor is fraudulent to a creditor whose claim arose before the transfer was made or the obligation was incurred, if the debtor did not obtain reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or became insolvent as the result of the transfer or obligation.
We note that in an earlier appeal by these parties concerning this same issue, this court reversed a dismissal of Appellants’ counterclaim for conspiracy to engage in a fraudulent scheme, citing Florida Statutes § 726.105-107. See Elie v. TFB Properties, Inc., 652 So.2d 1194 (Fla. 4th DCA 1995). That lower court action has been consolidated with this matter because of the similarity of the facts, issues, and parties involved.
As to all other issues raised, and as to the dismissal of all other causes of action set forth in the complaint, we affirm. We remand for further proceedings on Appellants’ claims for fraudulent transfer. Further, since the complaint as presently worded is confusing and prolix, the trial court on remand may order its amendment limiting Appellants’ cause of action to theories consistent with this opinion.
FARMER and STEVENSON, JJ., concur.